Dear Dr. Stacy:
You ask this office to advise whether or not the provisions of the Dual Officeholding and Dual Employment Law, La.R.S. 42:61, et seq., would prohibit you from serving as a part-time member of the governing body of the Natchitoches Soil and Water Conservation District while at the same time holding full-time state employment as Director of Enrollment Management at Northwestern State University in Natchitoches, Louisiana. For the following reasons, more fully explained below, it is the opinion of this office that the statutes governing dual officeholding and dual employment law do not prohibit you from serving in both positions at the same time.
Under the statutory definitions provided by the dual officeholding and dual employment law, your position with Northwestern University[1]
constitutes employment[2] in the executive branch of state government.[3] *Page 2 
Local soil and water conservation districts are established by state law.[4] Such districts "shall constitute a governmental subdivision of this state . . ."[5] State law provides that the governing authority of each soil and water conservation district shall consist of five supervisors.[6] Three of the five supervisors are elected, [7] while the remaining two supervisors are appointed to each local governing board by the state soil and water conservation commission.[8]
This office has in the past determined that local soil and water conservation districts are special districts as provided by La.Const. Art. VI § 19.[9] Because pursuant to La.Const. Art. VI § 44(2), special districts are defined as political subdivisions, it remains the opinion of this office that soil and water districts are political subdivisions of the state. Thus, because you propose to hold one of the appointed supervisor positions, such constitutes holding appointiveoffice[10] in a political subdivision of the state[11] for purposes of a dual officeholding analysis.
La.R.S. 42:63(E)[12] prohibits one from holding at the same time two positions of full-time employment and/or appointive office, but does not in general prohibit the concurrent holding if one position is held on a part-time basis.[13] Because you will serve as appointed supervisor on a part-time basis, the prohibition of La.R.S. 42:63(E) is inapplicable. *Page 3 
Thus, it is the opinion of this office that state law governing dual officeholding and dual employment does not prohibit you from serving as a part-time member of the governing body of the Natchitoches Soil and Water Conservation District while at the same time holding full-time state employment as Director of Enrollment Management at Northwestern State University in Natchitoches, Louisiana.
Finally, note that the opinion of this office is limited to an examination of the dual officeholding provisions. Questions concerning the Code of Governmental Ethics, La.R.S. 42:1111, et seq., regarding this matter are addressed by advisory ruling of the Louisiana State Board of Ethics, and should be directed to the Board at the following address: P.O. Box 4368, Baton Rouge, LA, 70821, phone: 225-219-5600.
We hope the foregoing is helpful to you. Should you have other questions with which we may provide assistance, please contact this office.
 Yours very truly,
 JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
 BY: __________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
 KLK:arg
[1] Northwestern State University of Louisiana at Natchitoches falls within the University of Louisiana System and is under the supervision and management of the Board of Trustees for State Colleges and Universities. See La.R.S. 17:3217(6).
[2] La.R.S. 42:62(3) provides: (3) "Employment" means any job compensated on a salary or per diem basis, other than an elective or appointive office, in which a person is an employee of the state government or of a political subdivision thereof.
[3] Pursuant to La.R.S. 42:62(6), the executive branch of state government includes employees of the Board of Trustees for State Colleges and Universities.
[4] La.R.S. 3:1205.
[5] La.R.S. 3:1208.
[6] La.R.S. 3:1207.
[7] La.R.S. 3:1206.
[8] La.R.S. 3:1205(F) provides, in pertinent part: "if the commission shall determine that the operation of the proposed district within the defined boundaries is administratively practicable and feasible, it shall appoint two supervisors to act, with the three supervisors elected as provided in La.R.S. 3:1207, as the governing authority of the district."
[9] La. Atty. Gen. Op. 98-473.
[10] La.R.S. 42:62(2) defines appointive office as "any office in any branch of government or other position on an agency, board, or commission or any executive office of any agency, board, commission, or department which is specifically established or specifically authorized by the constitution or laws of this state or by the charter or ordinances of any political subdivision thereof and which is filled by appointment or election by an elected or appointed public official or by a governmental body composed of such officials of this state or of a political subdivision thereof."
[11] La.R.S. 42:62(9) defines political subdivision to mean and include "a special district, authorized by law to perform governmental functions . . ."
[12] La.R.S. 42:63(E) provides: E. No person holding a full-time appointive office or full-time employment in the government of this state or of a political subdivision thereof shall at the same time hold another full-time appointive office or full-time employment in the government of the state of Louisiana, in the government of a political subdivision thereof, or in a combination of these.
[13] La.R.S. 42:62(4) and (5) provide:
(4) "Full-time" means the period of time which a person normally works or is expected to work in an appointive office or employment and which is at least seven hours per day of work and at least thirty-five hours per week of work.
(5) "Part-time" means the period of time which a person normally works or is expected to work in an appointive office or employment which is less than the number of hours of work defined in this Section as full-time.